IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEWEY HUFF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 04-637-DRH |
| | ) |
| JOYCE DEERHAKE | ) |
| and EDWIN R. BOWEN, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

Plaintiff, currently an inmate in the Vienna Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any

supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

In this action, Plaintiff seeks $33,000 in damages from Defendants for their failure to release him in a timely manner upon completion of his sentence stemming from two separate convictions in Peoria County, Illinois. Specifically, he alleges that Judge Black, of the Tenth Judicial Circuit for the State of Illinois, ordered that Plaintiff receive 330 days credit against his sentence for time Plaintiff spent in county jail. He further alleges that Defendants failed to honor this order, thus holding him in custody longer than was just.

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). *See also Clemente v. Allen,* 120 F.3d 703, 705 (7th Cir. 1997) (*Bivens* suit seeking damages for alleged miscalculation of federal prisoner's sentence barred by *Heck*); *Rooding v. Peters,* 92 F.3d 578, 580-81 (7th Cir. 1996) (suit for damages under § 1983 for miscalculation of sentence credits did not accrue until plaintiff prevailed in state mandamus action); *Miller v. Indiana Dep't of Corr.,* 75 F.3d 330, 331 (7th Cir. 1996) (*Heck* precluded suit for damages under § 1983 for alleged denial of due process in determination of sentence credit classification).

There are voluminous exhibits attached to the complaint, including several sentence calculation worksheets and copies of court orders. However, Plaintiff does not allege that any state court has ever found that his sentence was miscalculated, and there are no exhibits which indicate

that Plaintiff has prevailed in a state mandamus action regarding the length of his sentence. Therefore, until he has successfully challenged his sentence calculation in state court, he is barred from seeking vindication in this suit for damages. *Miller,* 75 F.3d at 331.

In summary, Plaintiff's complaint does not survive review under § 1915A, and this action is **DISMISSED** without prejudice to Plaintiff seeking relief after he has successfully challenged his sentence calculation in state court. The Clerk shall **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

**DATED:   August 2, 2005.**


                                                           /s/    David RHerndon
                                                           **DISTRICT JUDGE**